# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **WALTER D. HEADEN-EL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:11CV590** |
| | ) | |
| **ALVIN W. KELLER, JR.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition for a writ

of habeas corpus under 28 U.S.C. § 2254, together with an application to proceed *in forma*

*pauperis*. Rule 4, Rules Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is
> not entitled to relief in the district court, the judge must dismiss the petition and direct
> the clerk to notify the petitioner.

A writ of habeas corpus may issue if a petitioner demonstrates that he is in state custody in

violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Petitioner lists a single ground for relief in his Petition. It reads "(Proper Status and

Jurisdiction was <u>NOT</u> established before <u>ANY</u> legal proceedings.) My current imprisonment

is the end result of an <u>ACT of CRIMINAL DENATIONALIZATION</u> committed against me

by the State of North Carolina." (Docket Entry 2, § 12, Ground One.) The supporting facts

read, in their entirety:

> I, Walter D. Headen-El, AM a Moorish American National, in propria persona, and therefore AM a sovereign aboriginal inhabitant of the Great Seal Continental U.S. Federal Republic under Federal, NOT "ex post facto", "color of law", State government jurisdiction. I was prosecuted under the misnomered racial "slave" status of "Black", forewhich one is counted as "3/5ths of a person/property of the State", under Article I, and the 14th Amendment to the U.S. Constitution; ineligible for certain rights. As an indigenous person of the Continental U.S., I AM entitled to ALL the rights and protections under the U.S. Constitution, Treaty and 61/295 United Nations Declaration on Rights of Indigenous People. (SEE EXHIBITS A and B.) [sic]

(*Id.*)

Exhibit A to the Petition consists mainly of a "Declaration-Proclamation of The

Moorish American Nation," an "Averment of Jurisdiction" by the Moorish American Nation,

a "Moorish American Birthright of Independence," and a "Divine Constitution of Moorish

America." The Declaration-Proclamation states that "The Founding Fathers of The United

States brought forth on this Continent *two* new Nations," one consisting of "a conglomerate

of Pale Skin Descendants from the Nations of Europe" and the other "a Comity of Olive Skin

Nationals extracted from various Countries affixed indigenously to the North Western and

South Western Shores of Africa yet latent in slavery." It asserts that the latter is "dissolving

the political bands and assumable jurisdictions of the former." It also claims that the

"Moorish Americans" or "Continental Natives" are "descendants of the Moroccans from the

Old Moorish Empire, whose Ancient Forefathers received permission from the Pharaohs of

Ancient Kemet (Egypt) to settle and inhabit North West Africa." This settlement resulted

in an empire that stretched across "North and West and South West Africa extending across the great Atlantis even unto the present North, Central and South Americas and also Mexico and Atlantis Islands; before the great Earthquake which caused the great Atlantic Ocean." Therefore, these "Moorish Americans" were the original inhabitants of North America, not "the so-called 'Indian' Tribes that followed centuries later."

Based on this view of history, the Declaration-Proclamation and the other documents state that the "Moorish Americans" wish to withdraw from the jurisdiction of the United States and to establish their own separate nation on this continent. They reject "Slave Labels" such as "Negroes, Blacks and Colored People" and challenge the jurisdiction of the United States and its individual states over "Moorish Americans," believing an exercise of such jurisdiction to be an act of "Denationalization." The rest of the documents in Exhibit A follow in a similar fashion. Exhibit B shows that the Declaration-Proclamation was delivered, along with a letter from the Grand National Chairman of Moorish America to the office of former President George H. W. Bush in April of 2006.

In addition to Exhibits A and B, Petitioner has also submitted Exhibits A-1 and B-1. These consist of a Transcript of Plea and Judgment in his state court criminal cases. They show that he pled guilty to multiple offenses and received a single sentence of 144 to 182 months. It appears that Petitioner has altered them by writing "VOID" across their faces,

adding notes concerning denationalization and slave labels, and obscuring the nature of the offenses to which he pled guilty.[1] He has also had the altered documents notarized.

Reduced to its essence, Petitioner's claim is that he is a "Moorish American" and that, based on his ancestry, the State of North Carolina does not have jurisdiction to prosecute and imprison him for committing sexual offenses against a child or children. There is no basis in the law for such a claim. The fact that a group claiming to be "Moorish Americans" has written documents that might support this idea or that the documents were delivered to a former President does not establish a valid claim. Moreover, Petitioner is not the first person to raise this or similar claims based on an alleged status as a "Moorish American." These claims have been rejected. *See Pitt-Bey v. District of Columbia*, 942 A.2d 1132, 1136 (D.C. 2008); *Albert Fitzgerald Brockman-El v. N.C. Dept. of Corr.*, No. 1:09CV633, Docket Nos. 2,6, 7 (M.D.N.C. 2009), *appeal dismissed for lack of a substantial showing of the denial of a constitutional right*, 373 Fed. Appx. 332 (4th Cir.), *cert. denied*, ___ U.S. ___, 131 S.Ct. 168 (2010). The Court is aware of no instance where such a claim has succeeded or even been recognized as potentially viable. Because it does plainly appear from the Petition and attached exhibits that Petitioner is not entitled to any relief in this Court, the Petition should be dismissed.

---

[1]A search of North Carolina prison records reveals that Petitioner is incarcerated for convictions related to the sexual abuse of one or more children. *See* http://www.doc.state.nc.us/offenders (search for Offender ID 1244200 last completed August 5, 2010).

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation. Petitioner has also filed a motion requesting counsel. Given the recommendation of dismissal, that motion will be denied.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that the Petition (Docket Entry 2) be dismissed, that judgment be entered dismissing the action, and that the Clerk notify Petitioner of the filing, dismissal, and entry of judgment.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

August 15, 2011